(SPACE BELOW FOR FILING STAMP ONLY)

LAW OFFICES OF
**GLASS & GOLDBERG**
A LAW CORPORATION

21700 OXNARD STREET, SUITE 430
WOODLAND HILLS, CALIFORNIA 91367-3665
TELEPHONE (818) 888-2220
TELECOPIER (818) 888-2229

Robert M. Berger, SBN 158765
Dixon L. Gardner, SBN 213119

Attorneys for Creditor
PNCEF, LLC

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

In re:

GARDENWALK CINEMAS, LLC,

　　　　　　　　　Debtor.

) CASE NO: 8:10-bk-10730 RK
) CHAPTER 11
)
) CREDITOR PNCEF, LLC'S
) APPLICATION FOR EMERGENCY
) HEARING ON MOTION FOR RELIEF
) FROM STAY AND FOR TEMPORARY
) RESTRAINING ORDER
)
)
)
) <u>Hearing</u>
) DATE: July 15, 2010
) TIME: 3:30 p.m.
) DEPT: 5D

COMES NOW CREDITOR PNCEF, LLC AND PURSUANT TO LOCAL BANKRUPTCY RULES 2081-1(a)(12), 9075-1, AND FEDERAL RULE OF BANKRUPTCY PROCEDURE RULE 7065 FILES THE FOLLOWING APPLICATION FOR EMERGENCY HEARING ON ITS MOTION FOR RELIEF FROM STAY AND REQUEST FOR TEMPORARY RESTRAINING ORDER:

1.　　The herein Bankruptcy case is Chapter 11 Bankruptcy matter which was filed on January 21, 2010.

GLASS & GOLDBERG　　　　　　　　　　　　　　　　　　　　　　　　　　　　rmb/479/415/

2. On February 22, 2010 the Lessor Creditor, Anaheim GW II, LLC ("AGW") filed its motion for relief from stay seeking possession of the real property where Debtor was conducting is business.

3. On April 8, 2010, before AGW's motion for relief was ruled on, Katella Anaheim Realty, LP and Citigroup Global Markets Realty Corp. foreclosed upon the real property and become the owner thereafter. Subsequently, after evidentiary hearings, on June 15, 2010, the Court ruled that the Debtor's lease on the premises terminated pre-petition and ordered Debtor to vacate the premises no later than July 23, 2010.

4. On June 23, 2010 the moving party, PNCEF, LLC ("Movant") filed its Motion for Relief from Stay pertaining to personal property in which it held a security interest under two equipment finance leases. The hearing on Movant's motion for relief from stay is scheduled for hearing on July 27, 2010. Pursuant to those Leases the property cannot be moved without Movant's consent and possession of the equipment cannot be given to any third party to the Leases.

5. On July 7, 2010, Debtor filed its motion to dismiss the herein bankruptcy admitting that without the theater premises it could not generate income and therefore could not fund a plan. The hearing on Debtor's motion to dismiss is scheduled for August 24, 2010. Consequently, the personal property in which Movant has an interest is not necessary for any reorganization of the Debtor.

6. On Friday July 9, 2010 Movant's counsel was contacted by attorney James Goddard, attorney for the property owner, who informed counsel of the following:

a. That after the evidentiary hearing wherein the Court ruled that Debtor must vacate the premises by July 23, 2010, Bruce Sanborn, general manager for the Debtor stated that he planned on removing all of the personal property at the premises.

2

GLASS & GOLDBERG                                            rmb/479/415/app.

    b.    That on July 9, 2010, Debtor sent a moving company to the premises and began to remove personal property from the premises. Movant was informed that the property manager stopped the removal due to a lack of insurance certificate naming the property owner as an additional insured. However, the removal of the personal property was going to restart on Tuesday, July 13, 2010.

    7.    Immediately thereafter on July 9, 2010, Movant's counsel called Helen Shaver, Debtor's counsel, who confirmed that some, and possibly all of Movant's personal property would be removed from the premises. The personal property to be removed is theater projectors and related equipment under a written equipment finance lease. Ms. Shaver informed Movant's counsel that the outdoor LED screens in which Movant has an interest, referred to as BARCO boards, leased by Debtor under a separate written equipment finance lease possibly could also be removed by Debtor but that no final decision had been made because the boards could be sold.

    8.    More importantly, Movant's counsel was informed that the property would then be put into storage for a time and thereafter given to third parties for their use, including given to Mr. Sanborn and/or his company Sanborn Theatres, Inc.

    9.    Debtor's counsel did not know who was going to be moving Movant's property or where the property was to be stored.

    10.    Movant's equipment, both the theater projectors and the BARCO boards are delicate pieces of equipment that require special handling. Moreover, the equipment is part of the estate and the Debtor has no right, especially in light of its motion to dismiss, to give it away to someone other than the Movant who has a secured interest in the equipment. Moreover, if the equipment is removed then Movant could lose all trace of the equipment and never obtain its recovery.

    11.    Therefore, in order to protect the property and Movant's interest in the property,

GLASS & GOLDBERG    rmb/479/415/app.

PNCEF, LLC respectfully requests the Court advance Movant's motion for relief from stay, and grant a temporary restraining order stopping Debtor from moving the property and/or from allowing third parties from using its property. If Movant's equipment has already been moved, Movant respectfully requests the Court order it returned undamaged to the premises from which it was taken.

DATED: July 13, 2010                              GLASS & GOLDBERG

                                                  /S / DIXON L. GARDNER
                                                  ROBERT M. BERGER
                                                  Attorneys for Movant PNCEF, LLC

| In re: GARDENWALK CINEMAS, LLC | CHAPTER: |
|---|---|
| Debtor(s). | CASE NUMBER: 8:10-bk-10730-R |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
21700 Oxnard Street, Suite 430, Woodland Hills, CA 91367

A true and correct copy of the foregoing document described as **SEE DOCUMENT LIST** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On July 13, 2010 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:
Helen R Frazer, Attorney for Gardenwalk Cinemas LLC - hfrazer@aalrr.com; Frank Cadigan, Attorney for U.S. Trustee (SA) - frank.cadigan@usdoj.gov; United States Trustee (SA)- ustpregion16.sa.ecf@usdoj

[ ] Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On July 13, 2010 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

[X] Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on July 13, 2010 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
By attorney service:
The Honorable Robert Kwan / Courtroom 5D
U.S. Bankruptcy Court, 411 West Fourth St., Santa Ana, CA

[X] Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| July 13, 2010 | MARCELLA WAGNER | /S/ MARCELLA WAGNER |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9013-3.1
F901331

| In re: GARDENWALK CINEMAS, LLC | CHAPTER: 7 |
|---|---|
| Debtor(s). | CASE NUMBER: 8:10-bk-10730-R |

**ADDITIONAL SERVICE INFORMATION (if needed):**

**DOCUMENTS SERVED:**

CREDITOR PNCEF, LLC'S APPLICATION FOR EMERGENCY HEARING ON MOTION FOR RELIEF FROM STAY AND FOR TEMPORARY RESTRAINING ORDER;

DECLARATION OF ROBERT M. BERGER IN SUPPORT OF EMERGENCY MOTION FOR RELIEF FROM STAY AND TEMPORARY RESTRAINING ORDER;

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CREDITOR PNCEF, LLC'S EMERGENCY APPLICATION FOR RELIEF FROM STAY AND FOR TEMPORARY RESTRAINING ORDER;

DECLARATION OF MARSHALL F. GOLDBERG IN SUPPORT OF EMERGENCY MOTION FOR RELIEF FROM STAY AND TEMPORARY RESTRAINING ORDER;

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*    **F 9013-3.1**

| In re: GARDENWALK CINEMAS, LLC | CHAPTER: |
|---|---|
| Debtor(s). | CASE NUMBER: 8:10-bk-10730-R |

**ADDITIONAL SERVICE INFORMATION (if needed):**

II. SERVED BY U.S. MAIL

Gardenwalk Cinemas LLC, 13 Corporate Plaza Dr Ste 110, Newport Beach, CA 92660;

Anaheim GW II, LLC, PO Box 27324, San Diego, CA 92198;

Employers Compensation, PO Box 52791, Phoenix. AZ 85071;

Schult, 900 N.W. Hunter Dr., Blue Sorinas MO 64015;

Technicolor, Dept 8498, Los Angeles CA 90084;

Theater Service and Supply, 9582 Topanga Canyon Blvd., Chatsworth CA 91311;

III. SERVED BY FACSIMILE TRANSMISSION AND EMAIL:

(FACSIMILE TRANSMISSION)

Continental Concession Supplies, 250 Fulton Ave, New Hyde Park, NY 11040 / (516) 629-4975 fax;

IMAXCorp, 2525 Speakman Dr. , Mississauga, Ontario, Canada L5K1B1 / (905) 403-6450 fax;

State Board of Equalization, PO Box 942879, Sacramento CA 94279 / (916) 227-6746 fax;

Travelers Insurance, PO Box 26385, Richmond. VA 23260 / (860) 954-3956 fax;

WLC Architects, 8163 Rochester Ave, Suite 700, Irvine CA 92614 / (909) 980-9980 fax;

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**F 9013-3.1**

| In re: GARDENWALK CINEMAS, LLC | CHAPTER: |
|---|---|
| Debtor(s). | CASE NUMBER: 8:10-bk-10730-R |

**ADDITIONAL SERVICE INFORMATION (if needed):**

III. <u>SERVED BY FACSIMILE TRANSMISSION AND EMAIL (CONT.)</u>:

(EMAIL)

City of Anaheim: Cityattorneysoffice@anaheim.net;

Frize Corporation: jfrize@frizecorp.com;

James Woodin: Jameswoodin@sbcglobal.net;

Kendrick, Jackson & Kearl: jkendrick@kjklawyers.com;

PNC West, Inc.: sales@pncwest.com;

Royal Paper Corp: jsoto@royal-paper.com;

Stadling, Yucca, Carlson & Rauth: wrauth@sycr.com;

Tempo Industries: michaelk@tempoindustries.com;

Wesnic: bsmithwick@wesnic.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*    **F 9013-3.1**