(SPACE BELOW FOR FILING STAMP ONLY)

LAW OFFICES OF
**GLASS & GOLDBERG**
A LAW CORPORATION

21700 OXNARD STREET, SUITE 430
WOODLAND HILLS, CALIFORNIA 91367-3665
Telephone (818) 715-7000
Telecopier (818) 715-7025

Robert M. Berger, SBN 158765
Dixon L. Gardner, SBN 213119

Attorneys for Creditor
PNCEF, LLC

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>GARDENWALK CINEMAS, LLC,<br><br><br>Debtor. | CASE NO: 8:10-bk-10730 RK<br>CHAPTER 11<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CREDITOR PNCEF, LLC'S EMERGENCY APPLICATION FOR RELIEF FROM STAY AND FOR TEMPORARY RESTRAINING ORDER<br><br><u>Hearing</u><br>DATE: July 15, 2010<br>TIME: 3:30 p.m.<br>DEPT: 5D |

# I
# INTRODUCTION

Creditor PNCEF, LLC ("PNCEF" or "Movant") moves to advance the hearing on its Motion for Relief from Stay presently scheduled for hearing before this Court on July 27, 2010, and, for a temporary restraining order:

1.  Preventing Debtor GARDENWALK CINEMAS, LLC ("Debtor") from moving PNCEF's equipment, consisting of movie projectors and outdoor LED projection signs (referred to as BARCO boards), from its present location (or if already moved to be returned undamaged to the

1

GLASS & GOLDBERG                                                                                                            rmb/479/415/

theater premises); and,

2.      Preventing Debtor from giving possession of the equipment to any third party including but not limited to Debtor's manager Bruce Sanborn or Sanborn Theatres, Inc.

Movant has already obtained permission from the real property owner to leave the equipment at its current location in the theater at the Anaheim Gardenwalk Center.

If relief from stay is granted, Movant will be immediately moving for an ex parte hearing on its renewed Application for a Writ of Possession in its state court action.   The state court action regarding possession, i.e. Claim and Delivery, is currently pending before the Superior Court of the State of California, County of Orange, Case No. 30-2009-00290965. Movant's initial Application for a Writ of Possession was denied without prejudice. See, Declaration of Marshall F. Goldberg filed concurrently herewith.

## II
## AN EX PARTE APPLICATION IS WELL FOUNDED WHERE THE DEBTOR IS THREATENING TO REMOVE PROPERTY IN WHICH THE MOVANT HAS A SECURED INTEREST AND CANNOT OR WILL NOT TELL MOVANT WHERE THE PROPERTY IS GOING TO BE MOVED

It is well established that one of the grounds for an emergency motion is where the other party is threatening an act which cannot wait to the time of the noticed hearing. Cal. Prac. Guide Fed. Civ. Pro. Before Trial Ch. 12-F, 12:162.

Further, in order to justify ex parte relief Movant must make two showings.  First, the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures. Second, it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect. *Mission Power Engineering Co. v. Continental Cas. Co.*, 883 F.Supp. 488, 492 (C.D. Cal., 1995).

Here, Debtor has threatened to move Movant's equipment to an unknown location and thereafter give possession of the equipment to possibly Mr. Sanborn or Sanborn Theatres, Inc. or other unknown persons.

Additionally, Movant has no fault in Mr. Sanborn's decision to remove the property, store it at some unknown location, and give it to third parties. Movant just found out about Mr. Sanborn's plans on Friday July 9, 2010.

Therefore, Movant's request for emergency relief is well founded.

### III
### MOVANT REQUESTS THE COURT TAKE JUDICIAL NOTICE OF ITS MOTION FOR RELIEF SCHEDULED FOR HEARING ON JULY 27, 2010

Movant respectfully requests the Court take notice of its Motion for Relief from Stay scheduled for hearing on July 27, 2010. A true and correct copy of Movant's filed Motion for Relief from Stay is attached to the Declaration of Robert M. Berger (Berger Decl.) filed concurrently herewith and incorporated by this reference.

### IV
### DEBTOR'S MOVING THE ASSETS VIOLATES THE LEASE BECAUSE DEBTORS ARE INTENDING ON GIVING POSSESSION OF THE EQUIPMENT TO A THIRD PARTY AND HAVE FAILED TO IDENTIFY THE LOCATION TO WHICH THE DEBTOR IS MOVING THE ASSETS AS REQUIRED UNDER THE LEASE

In the present matter, there is clear factual support for the claim that the Debtor intends to move the property, store it at an unknown location, and thereafter give possession and use of the equipment to a third party(s).

Debtor's possession of the equipment arises from two equipment finance leases, Lease Nos. 111428000 regarding the movie projectors, and 110901000 in regards to the BARCO boards. Copies of said Leases are attached to Movant's Motion for Relief from Stay already filed with this Court and incorporated herein as Exhibit "1" to the Berger Decl.

GLASS & GOLDBERG                                                                                          rmb/479/415/

The two leases which Movant and Debtor signed proscribe Debtor from moving the property or giving possession of it to anyone.

Paragraph 5 of both Leases state in relevant part:

> LESSEE SHALL NOT ASSIGN, SUBLET, HYPOTHECATE, SELL, TRANSFER OR **PART WITH POSSESSION OF THE EQUIPMENT** OR ANY INTEREST IN THIS LEASE, **AND ANY ATTEMPT TO DO SO SHALL BE NULL AND VOID AND SHALL CONSTITUTE A DEFAULT HEREUNDER**.

It has long been held that:

> Property interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding. Uniform treatment of property interests by both state and federal courts within a State serves to reduce uncertainty, to discourage forum shopping, and to prevent a party from receiving "a windfall merely by reason of the happenstance of bankruptcy. *Butner v. U.S.*, 440 U.S. 48, 55 (1979)

Security interests in personal property are treated similarly. In *Lewis v. Manufacturers National Bank*, 364 U.S. 603, 609 (1961).

Consequently, Debtor's intent to remove the equipment from the property and store it at an unknown location and then to give possession to any third party violates the Leases.

////

////

////

# V
## MOVING THE ASSETS AND GIVING THEM TO ANOTHER VIOLATES THE AUTOMATIC STAY BECAUSE THE ASSETS ARE PART OF THE ESTATE AND THIS DISPOSITION IS NOT APPROVED BY THE COURT

On July 9, 2010, Debtor's counsel, Helen Shaver, confirmed to Movant's attorney that Debtor's intent was to remove some of the equipment, moving movie projectors and related equipment, to an unknown location and thereafter allow possession to be given to third parties for their use. A true and correct copy of Mr. Berger's July 9, 2010 letter to Ms. Shaver is attached to the Berger Decl. as Exhibit "2" and incorporated by this reference. Ms. Shaver also informed Mr. Berger that the BARCO boards possibly could also be removed from the premises as well but that no final decision had been made as to that property.

Debtor has not obtained bankruptcy court approval for removing the personal property, storing it at an unknown location, or giving possession to third parties.

The Ninth Circuit stated that any act in violation of the automatic stay is void. *In re Schwartz*, 954 F.2d 569, 571 (9th Cir.1992).

The Court in *In re Soll*, 181 B.R. 433, 444 (Bkrtcy.D.Ariz.,1995), citing *In re Fugazy Exp. Inc.*, 982 F.2d 769 (2nd Cir.1992) stated "The automatic stay protects not only debtors, but also property of the estate. See 11 U.S.C. § 362(a)(2), (3) and (4). The automatic stay remains in place as to bankruptcy estate property until the stay is vacated pursuant to 11 U.S.C. § 362(c)(1). A debtor's vacating the premises is not an abandonment so as to remove the property from the bankruptcy estate. In the Ninth Circuit, abandonment requires, at a minimum, notice to all creditors and interested parties and an opportunity for a hearing." Id. at 444-445.

Additionally, the Court in *In re Soll* stated:

> Nothing in the Code suggests that a party is entitled to engage in "self-help" in derogation of the automatic stay. See, *In re Computer Communications, Inc.*, 824 F.2d 725, 731 (9th Cir.1987) ("Judicial toleration of an alternative procedure of self-help and post hoc justification would defeat the purpose of the automatic stay."). Only the court may lift the stay. Conduct that bypasses the bankruptcy court and violates the

GLASS & GOLDBERG                                                                                      rmb/479/415/

automatic stay is plainly not the equivalent of a motion asking the court to lift the stay; and a subsequent ruling by the bankruptcy court that conduct bypassing the court was impermissible is, equally plainly, not a ruling on a motion to lift the stay. In *In re Fugazy Exp. Inc.*, 982 F.2d 769 C.A.2 (N.Y.),1992.

Here, Debtor is violating the stay and intending on engaging in self-help in violation of the stay by removing the property from the premises, and storing it at an unknown location with the intent of giving it to a third party.

## VI

## MOVING THE EQUIPMENT TO AN UNKNOWN LOCATION FOR THE PURPOSE OF GIVING POSSESSION TO THIRD PARTIES VIOLATES DEBTOR'S FIDUCIARY DUTY TO CREDITORS

The Debtor and its principals are trustees for the benefit of both the estate and the creditors, and have fiduciary duties to both. It has been long held:

> In the chapter 11 context, a debtor in possession stands in the shoes of a trustee and is a fiduciary for the estate and its creditors. 11 U.S.C. § 1107(a); see, e.g., *Thompson v. Margen* (In re McConville), 110 F.3d 47, 50 (9th Cir.1997) (stating that chapter 11 debtors in possession "were fiduciaries of their own estate owing a duty of care and loyalty to the estate's creditors"), cert. denied, 522 U.S. 966, 118 S.Ct. 412, 139 L.Ed.2d 315 (1997); *Woodson v. Fireman's Fund Ins. Co.* (In re Woodson), 839 F.2d 610, 614 (9th Cir.1988) ("As debtor in possession he is the trustee of his own estate and therefore stands in a fiduciary relationship to his creditors.") (footnote omitted); *Devers v. Bank of Sheridan, Montana* (In re Devers), 759 F.2d 751, 754 (9th Cir.1985) ("A debtor-in-possession has the duty to protect and conserve property in his possession for the benefit of creditors."). *In re Valley Health System*, 429 B.R. 692, 713 (Bkrtcy. C.D. Cal.), 2010.

Valley Health System goes onto to state:

> "When the debtor is a corporation, the debtor in possession's fiduciary obligations to the corporation, its creditors and shareholders, fall upon the officers and directors. See *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 355, (1985) (stating that "the debtor's directors bear essentially the same fiduciary obligation to creditors and shareholders as would the trustee for a debtor out of possession")." Id.

The Valley Health System Court concludes by stating that "Corporate officers, as fiduciaries, must protect and preserve estate assets held in trust for the benefit of creditors." Id.

Here, removing the equipment, storing it at an unknown location and allowing possession and use to be given to third parties violates Debtor and its managing members fiduciary duties.

## VII
## A TEMPORARY RESTRAINING ORDER IS APPROPRIATE WHERE THE DEBTOR IS REMOVING EQUIPMENT WITHOUT TELLING THE CREDITORS AND INTENDING TO GIVE IT TO THIRD PARTIES

The power of a bankruptcy court to maintain by injunction its custody and administration of bankrupt's estate was derived from former §11 of this title and the court's inherent equitable powers. *In re Spier Aircraft Corp.*, C.C.A.3 (N.J.) 1943, 137 F.2d 736, certiorari denied 64 S.Ct. 528, 321 U.S. 770, 88 L.Ed. 1065.

Federal Rules of Civil Procedure, Rule 65(b) states:

(b) Temporary Restraining Order.

(1) Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

If the circumstances made it necessary for the preservation of the estate, after the filing of a petition in bankruptcy, that the bankrupt himself or any third person should be restrained from wasting, selling, or otherwise disposing of the property, an injunction could issue for that purpose, to be in force until an assignee was elected and qualified. *Hampton v. Rouse*, U.S.Miss.(1874), 89 U.S. 263, 273.

Here, Debtor's action to move the equipment and store it at an unknown cite with the intent to deliver into the hands of a third party is sufficient grounds for a temporary restraining order to issued against the Debtor.

## VIII
## CONCLUSION

Based upon the foregoing points and authorities, Movant respectfully requests the Court:

1. Grant Movant's Motion for Relief from Stay on an emergency basis.

2. Order a temporary restraining order preventing Debtor from removing the equipment from the premises until Movant's Application for a Writ of Possession can be heard in its state court action.

DATED: July 13, 2010                              GLASS & GOLDBERG


/S/ Dixon Gardner
Robert M. Berger
Attorneys for Movant PNCEF, LLC

| In re: GARDENWALK CINEMAS, LLC | CHAPTER: |
|---|---|
| Debtor(s). | CASE NUMBER: 8:10-bk-10730-R |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
21700 Oxnard Street, Suite 430, Woodland Hills, CA 91367

A true and correct copy of the foregoing document described as **SEE DOCUMENT LIST** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **July 13, 2010** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:
Helen R Frazer, Attorney for Gardenwalk Cinemas LLC - hfrazer@aalrr.com; Frank Cadigan, Attorney for U.S. Trustee (SA) - frank.cadigan@usdoj.gov; United States Trustee (SA) - ustpregion16.sa.ecf@usdoj

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On **July 13, 2010** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **July 13, 2010** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.
By attorney service:
The Honorable Robert Kwan / Courtroom 5D
U.S. Bankruptcy Court, 411 West Fourth St., Santa Ana, CA

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| July 13, 2010 | MARCELLA WAGNER | /S/ MARCELLA WAGNER |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9013-3.1

F901331

| In re: GARDENWALK CINEMAS, LLC | | CHAPTER: 7 |
|---|---|---|
| | Debtor(s). | CASE NUMBER: 8:10-bk-10730-R |

**ADDITIONAL SERVICE INFORMATION (if needed):**


**DOCUMENTS SERVED:**

CREDITOR PNCEF, LLC'S APPLICATION FOR EMERGENCY HEARING ON MOTION FOR RELIEF FROM STAY AND FOR TEMPORARY RESTRAINING ORDER;

DECLARATION OF ROBERT M. BERGER IN SUPPORT OF EMERGENCY MOTION FOR RELIEF FROM STAY AND TEMPORARY RESTRAINING ORDER;

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CREDITOR PNCEF, LLC'S EMERGENCY APPLICATION FOR RELIEF FROM STAY AND FOR TEMPORARY RESTRAINING ORDER;

DECLARATION OF MARSHALL F. GOLDBERG IN SUPPORT OF EMERGENCY MOTION FOR RELIEF FROM STAY AND TEMPORARY RESTRAINING ORDER;

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.
January 2009

F 9013-3.1

| In re: GARDENWALK CINEMAS, LLC | CHAPTER: |
|---|---|
| Debtor(s). | CASE NUMBER: 8:10-bk-10730-R |

**ADDITIONAL SERVICE INFORMATION (if needed):**


II. <u>SERVED BY U.S. MAIL</u>

Gardenwalk Cinemas LLC, 13 Corporate Plaza Dr Ste 110, Newport Beach, CA 92660;

Anaheim GW II, LLC, PO Box 27324, San Diego, CA 92198;

Employers Compensation, PO Box 52791,Phoenix. AZ 85071;

Schult, 900 N.W. Hunter Dr., Blue Sorinas MO 64015;

Technicolor, Dept 8498, Los Angeles CA 90084;

Theater Service and Supply, 9582 Topanga Canyon Blvd., Chatsworth CA 91311;


III. <u>SERVED BY FACSIMILE TRANSMISSION AND EMAIL:</u>

(FACSIMILE TRANSMISSION)

Continental Concession Supplies, 250 Fulton Ave, New Hyde Park, NY 11040 / (516) 629-4975 fax;

IMAXCorp, 2525 Speakman Dr. , Mississauga, Ontario, Canada L5K1B1 / (905) 403-6450 fax;

State Board of Equalization, PO Box 942879, Sacramento CA 94279 / (916) 227-6746 fax;

Travelers Insurance, PO Box 26385, Richmond. VA 23260 / (860) 954-3956 fax;

WLC Architects, 8163 Rochester Ave, Suite 700, Irvine CA 92614 / (909) 980-9980 fax;

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                                                    F 9013-3.1

| In re: GARDENWALK CINEMAS, LLC | CHAPTER: |
|---|---|
| Debtor(s). | CASE NUMBER: 8:10-bk-10730-R |

**ADDITIONAL SERVICE INFORMATION (if needed):**

III. SERVED BY FACSIMILE TRANSMISSION AND EMAIL (CONT.):

(EMAIL)

City of Anaheim: Cityattorneysoffice@anaheim.net;

Frize Corporation: jfrize@frizecorp.com;

James Woodin: Jameswoodin@sbcglobal.net;

Kendrick, Jackson & Kearl: jkendrick@kjklawyers.com;

PNC West, Inc.: sales@pncwest.com;

Royal Paper Corp: jsoto@royal-paper.com;

Stadling, Yucca, Carlson & Rauth: wrauth@sycr.com;

Tempo Industries: michaelk@tempoindustries.com;

Wesnic: bsmithwick@wesnic.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

**F 9013-3.1**