# EXHIBIT 2

000036

EXHIBIT 1

National City

**EXHIBIT A**

**RENTAL SCHEDULE NO. 110901000**

This Rental Schedule dated and effective as of April 28, 2008 is attached to and governed by the terms and provisions of the Master Lease Agreement dated April 28, 2008 ("Lease") by and between National City Media Finance, a division of National City Commercial Capital Company, LLC ("Lessor") and Gardenwalk Cinemas, LLC ("Lessee").

All the terms used herein which are defined in the Lease shall have the same meaning herein.

1. The Equipment leased hereunder is as follows:

SEE EQUIPMENT SCHEDULE A

**Lease Terms:**

**Initial Term:** 60 Months
**Rental Commencement Date:** May 28, 2008
**Rent:** $29,615.68 payable Monthly in Advance, applicable taxes included

2. The Initial Term of the lease of the Equipment shall commence upon the Acceptance Date as indicated on the Certificate of Acceptance (the "Lease Commencement Date") and shall continue until expiration of the number of payment periods specified above after the Rental Commencement Date. Lessee hereby authorizes Lessor to insert the Rental Commencement Date upon its receipt of the Certificate of Acceptance. Rent in the amount specified above, plus applicable taxes, shall be due on the Rental Commencement Date and on the same day of each and every consecutive payment period thereafter for the Initial Term. All Rent shall be due and payable to Lessor at such place as Lessor shall designate in writing. Additionally, Lessee shall pay, as interim rent, due and payable monthly in arrears, for the period from and including the Lease Commencement Date to and including the day immediately preceding the Rental Commencement Date. The daily rent will be calculated on a 360 day year.

3. Stipulated Loss Values as set out on Exhibit #1 attached hereto and incorporated herein;

4. Options. Notwithstanding anything contained in the Lease to the contrary, so long as no default shall have occurred and be continuing, Lessee may, at Lessee's option, (i) purchase the Equipment leased pursuant to this Rental Schedule on an "as is, where is" basis, without representation or warranty, express or implied, at the end of the Initial Term at a price equal to the Fair Market Value thereof, plus applicable taxes, or (ii) extend the term of the Initial Term with respect to the Equipment leased pursuant to this Rental Schedule for the Fair Market

EXHIBIT 2



EXHIBIT 1

Rental, plus applicable taxes, and for a period of time mutually agreeable to Lessor and Lessee. "Fair Market Rental" shall be equal to the monthly rental which could be obtained in an arms-length transaction between an informed and willing lessee and an informed and willing lessor under no compulsion to lease. "Fair Market Value" shall be equal to the value which would be obtained in an arms-length transaction between an informed and willing buyer and an informed and willing seller under no compulsion to sell, and in such determination, costs of removal of the Equipment from its location of current use shall not be a deduction from such value. If Lessee and Lessor cannot agree on the Fair Market Value thereof, such value shall be determined by appraisal at the sole expense of Lessee. Appraisal shall be a procedure whereby two recognized independent appraisers, one chosen by Lessee and one by Lessor, shall mutually agree upon the amount in question. If the appraisers are unable to agree upon the amount in question, a third recognized independent appraisers' evaluation shall be binding and conclusive on Lessee and Lessor. This purchase or extension option as applicable shall only be available if Lessee gives Lessor ninety (90) days prior written notice of Lessee's irrevocable intent to exercise such option and Lessor and Lessee shall have agreed to all terms and conditions of such purchase or extension prior to the expiration date of the Initial Term.

5. All Options awarded to Lessee shall apply to all, but not less than all, Equipment leased under this schedule.

IN WITNESS WHEREOF, the parties hereto have caused this Rental Schedule to be duly executed on the date set forth below by their authorized representatives.

THIS RENTAL SCHEDULE CANNOT BE CANCELLED

**Lessor:**
**National City Media Finance, a division of National City Commercial Capital Company, LLC**

By: [signature]

Title: SVP

Date: 5-28-08

**Lessee:**
**Gardenwalk Cinemas, LLC**

By: [signature]

Title: member

Date: 4-29-08

EXHIBIT 2

000038

EXHIBIT 1

National City

## AMENDMENT TO LEASE # 110901000

This Amendment ("Amendment"), dated and effective as of the 28th day of April, 2008, supplements and is made a part of Lease #110901000 ("Lease") between Gardenwalk Cinemas, LLC ("Lessee") and National City Media Finance, a division of National City Commercial Capital Company, LLC ("Lessor").

In consideration of the mutual covenants contained herein and other valuable consideration received, and with the intent to be legally bound, the parties agree to amend the Lease as follows:

Lessor hereby acknowledges Lessee shall purchase the equipment described in Lease **#110901000** for $150,000.00 (excluding sales tax) at lease expiration. In order to exercise this option, Lessee must not be in default under any of the provisions of the Lease.

Lessee shall file, as party responsible for payment of personal property tax. Lessee shall promptly pay in full for all property taxes levied on or assessed against the Equipment listed on Lease # **110901000** during the initial term and all renewals and extensions. Lessee shall provide proof of said filing or payment to Lessor upon request.

All other terms and conditions of the Lease shall remain in full force and effect.

IN WITNESS WHEREOF the parties hereto have caused this Amendment to be executed as of the date written above.

Gardenwalk Cinemas, LLC

By: A. B S

Name: A. Bruce Sandow

Title: member

National City Media Finance, a division of National City Commercial Capital Company, LLC

By: Thomas M Barkhart

Name: Thomas M Barkhart

Title: SVP

EXHIBIT 2



EXHIBIT 9

**Exhibit #1**

**Stipulated Loss of Value Schedule**
Rental Schedule No. 110901000

The Stipulated Loss Value for the Equipment (or any item thereof) shall be determined by multiplying Invoice Cost [as set forth in the Equipment vendor invoice(s)] by the percentage amount shown below which corresponds with the month during the Initial Term in which the determination was made:

| Month of initial term | Charge Pct. | Month of initial term | Charge Pct. |
|---|---|---|---|
| 1 | 110.00% | 31 | 59.15% |
| 2 | 108.31% | 32 | 57.46% |
| 3 | 106.61% | 33 | 55.76% |
| 4 | 104.92% | 34 | 54.07% |
| 5 | 103.22% | 35 | 52.37% |
| 6 | 101.53% | 36 | 50.68% |
| 7 | 99.83% | 37 | 48.98% |
| 8 | 98.14% | 38 | 47.29% |
| 9 | 96.44% | 39 | 45.59% |
| 10 | 94.75% | 40 | 43.90% |
| 11 | 93.05% | 41 | 42.20% |
| 12 | 91.36% | 42 | 40.51% |
| 13 | 89.66% | 43 | 38.81% |
| 14 | 87.97% | 44 | 37.12% |
| 15 | 86.27% | 45 | 35.42% |
| 16 | 84.58% | 46 | 33.73% |
| 17 | 82.88% | 47 | 32.03% |
| 18 | 81.19% | 48 | 30.34% |
| 19 | 79.49% | 49 | 28.64% |
| 20 | 77.80% | 50 | 26.95% |
| 21 | 76.10% | 51 | 25.25% |
| 22 | 74.41% | 52 | 23.56% |
| 23 | 72.71% | 53 | 21.86% |
| 24 | 71.02% | 54 | 20.17% |
| 25 | 69.32% | 55 | 18.47% |
| 26 | 67.63% | 56 | 16.78% |
| 27 | 65.93% | 57 | 15.08% |
| 28 | 64.24% | 58 | 13.39% |
| 29 | 62.54% | 59 | 11.69% |
| 30 | 60.85% | 60 | 10.00% |

Upon expiration of the Renewal Term, and until the Equipment is delivered to Lessor, the Stipulated Loss Value of any item of Equipment shall be 10 % of the Invoice Cost.

Lessee (initial) BBS Lessor (initial) T B

EXHIBIT 2



EXHIBIT 1

# Equipment Schedule A
For
Lease #110901000
Dated April 28, 2008

| Quantity | Description | Serial No. |
|---|---|---|
| 2 | BARCO DP3000, DLP CINEMA PROJECTOR | |
| 2 | LENS, ZOOM, MOTORIZED | |
| 3 | LAMP - 6kW USHIO | |
| 1 | TOUCHPANEL | |
| 2 | BARCO DP2000, DIGITAL CINEMA PROJECTOR | |
| 2 | LENS, ZOOM, MOTORIZED | |
| 3 | LAMP - 3kW USHIO | |
| 4 | BASES, CUSTOM, BARCO | |
| 4 | DOLBY SHOW STORE/PLAYER SERVER W/ 1.2 TB, AES | |
| 4 | MONITOR/KEYBOARD/WIRING - INSTALL ACCESSORIES | |
| 2 | DOLBY 3D KIT (BARCO) | |
| 1 | FREIGHT | |
| 40 | BME SLITE S10 XP FX BOXKIT4 | |
| 2 | BME SLITE S10 XP FX BOXKIT1 | |
| 1 | BME C DLITE AEC 12 | |
| 1 | BME FIBERL II TX BASE | |
| 2 | BME FIBERL II RX M-MODE | |
| 2 | BME FIBERL II TX INP M-M | |
| 2 | BME DUMMY DATA PLUG X2 | |
| 12 | BME DUMMY PWR PLUG X5 | |
| 25 | BME CBL PWR WP C20C19 1M5 | |
| 5 | BME CBL WP MDR 5M | |
| 9 | BME CBL SPIDER WP SAME L | |
| 1 | BME PROX BASE UNIT | |
| 2 | BME PROX INPUT MODULE | |
| 1 | BME PROX 32MHZ OUTPUT MODUL | |
| 3 | CBL ASM ILITE DVI-DVI DAT 5M | |
| 4 | ACBL, 2-CDR MM FO, LEMO TO ST, 5F | |
| 2000 | CABLE, 4 CON, FIBER OPTIC, RSR, 50 | |
| 1 | PG, FIBER PATCH PANEL, 6 PORT | |
| 1 | PG, FIBER PANEL CABINET, 36 PORT | |
| 1 | PG, ENCLOSURE, FIBER OPTIC, 12 PO | |
| 1 | PG, ADAPTER PLATE, FIBER OPTIC, 6 | |
| 1 | PG, ADAPTER PLATE, FIBER OPTIC, 8 | |
| 1 | PG, ENCLOSURE, 16HX12WX6D, NEMA4 | |
| 1 | SUBPLATE, 14.2" X 10.2" HOFFMAN C | |
| 16 | CON,FO,ST,BAYONET,125UM,HOT ME | |
| 1 | MISCELLANEOUS | |
| 9 | BME CBL MULTI PWR WP 20M | |
| 3 | BME CBL PWR WP C20C19 1M5 | |
| 7 | US POWER VEAM UL 10 METER | |
| 2 | US POWER VEAM UL 20 METER | |
| 1 | US LED DISTRO 001 NO/RIGKIT | |
| 4 | US LED DISTRO 001 NO/RIGKIT | |
| 1 | SAST CA, Orange, Anaheim | |

BBS
Lessee's Initials

EXHIBIT 2

000041

EXHIBIT 1

Annex A

**CERTIFICATE OF ACCEPTANCE**
**To**
Rental Schedule No. 110901000

Dated April 28, 2008

In compliance with the terms, conditions and provisions of the Master Lease Agreement dated April 28, 2008 ("Lease") by and between the undersigned ("Lessee") and National City Media Finance, a division of National City Commercial Capital Company, LLC ("Lessor"), Lessee hereby:

(a) certifies and warrants that all Equipment described in the above-referenced Rental Schedule (the "Equipment") is delivered, inspected and fully installed, and operational as of the Acceptance Date as indicated below;

(b) accepts all the Equipment for all purposes under the Lease and all attendant documents as of this 28th day of May, 2008 ("Acceptance Date"); and

(c) restates and reaffirms, as of such Acceptance Date, each of the representations, warranties and covenants heretofore given to Lessor in the Lease.

Lessor is hereby authorized to insert serial numbers on the Rental Schedule .

Lessee: **Gardenwalk Cinemas, LLC**

By: [signature]

Title: member

EXHIBIT 2



EXHIBIT 1

# EXHIBIT 3

000043

EXHIBIT 1

National City.
MEDIA FINANCE

EXHIBIT A

RENTAL SCHEDULE NO. 111428000

This Rental Schedule dated and effective as of May 12, 2008 is attached to and governed by the terms and provisions of the Master Lease Agreement dated April 28, 2008 ("Lease") by and between National City Media Finance, a division of National City Commercial Capital Company, LLC ("Lessor") and Gardenwalk Cinemas, LLC ("Lessee").

All the terms used herein which are defined in the Lease shall have the same meaning herein.

1. The Equipment leased hereunder is as follows:

| Quantity | Description | Serial No. |
|---|---|---|
| 4 | New Dolby Processors CP650DC (Digital Only) | |
| 9 | New Dolby Processors CP650D (Film and Digital)) | |
| 10 | BACP SRD Penthouse Readers | |
| 23 | Freight | |

Lease Terms:

Initial Term: 60 Months
Rental Commencement Date: May 28, 2008
Rent: $2,568.02 payable Monthly in Advance, plus applicable taxes included

2. The Initial Term of the lease of the Equipment shall commence upon the Acceptance Date as indicated on the Certificate of Acceptance (the "Lease Commencement Date") and shall continue until expiration of the number of payment periods specified above after the Rental Commencement Date. Lessee hereby authorizes Lessor to insert the Rental Commencement Date upon its receipt of the Certificate of Acceptance. Rent in the amount specified above, plus applicable taxes, shall be due on the Rental Commencement Date and on the same day of each and every consecutive payment period thereafter for the Initial Term. All Rent shall be due and payable to Lessor at such place as Lessor shall designate in writing. Additionally, Lessee shall pay, as interim rent, due and payable monthly in arrears, for the period from and including the Lease Commencement Date to and including the day immediately preceding the Rental Commencement Date. The daily rent will be calculated on a 360 day year.

3. Stipulated Loss Values as set out on Exhibit 1 attached hereto and incorporated herein.

4. Options. Lessor hereby acknowledges that Lessee shall purchase the equipment described in this Rental Schedule for one hundred one and 00/100 dollars ($101.00) at lease

EXHIBIT 3



EXHIBIT 1

expiration. In order to exercise the $101.00 buyout. Lessee must not be in default under any of the provisions of the Lease.

Lessee shall file, as party responsible for payment of personal property tax. Lessee shall promptly pay in full for all property taxes levied on or assessed against the Equipment listed on Lease # **111428000** during the initial term and all renewals and extensions. Lessee shall provide proof of said filing or payment to Lessor upon request.

5. All Options awarded to Lessee shall apply to all, but not less than all, Equipment leased under this schedule.

IN WITNESS WHEREOF, the parties hereto have caused this Rental Schedule to be duly executed on the date set forth below by their authorized representatives.

THIS RENTAL SCHEDULE CANNOT BE CANCELLED

**Lessor:**
**National City Media Finance, a division of National City Commercial Capital Company, LLC**

By: [signature]

Title: DOCUMENT SUPERVISOR

Date: 5-28-08

**Lessee:**
**Gardenwalk Cinemas, LLC**

By: [signature]

Title: member

Date: 5-14-08

EXHIBIT 3

000045

EXHIBIT 1

**Exhibit #1**

**Stipulated Loss of Value Schedule**
Rental Schedule No. 111428000

The Stipulated Loss Value for the Equipment (or any item thereof) shall be determined by multiplying Invoice Cost [as set forth in the Equipment vendor invoice(s)] by the percentage amount shown below which corresponds with the month during the Initial Term in which the determination was made:

| Month of initial term | Charge Pct. |
|---|---|
| 1 | 110.00% |
| 2 | 108.14% |
| 3 | 106.27% |
| 4 | 104.41% |
| 5 | 102.54% |
| 6 | 100.68% |
| 7 | 98.81% |
| 8 | 96.95% |
| 9 | 95.08% |
| 10 | 93.22% |
| 11 | 91.36% |
| 12 | 89.49% |
| 13 | 87.63% |
| 14 | 85.76% |
| 15 | 83.90% |
| 16 | 82.03% |
| 17 | 80.17% |
| 18 | 78.31% |
| 19 | 76.44% |
| 20 | 74.58% |
| 21 | 72.71% |
| 22 | 70 85% |
| 23 | 68.98% |
| 24 | 67.12% |
| 25 | 65.25% |
| 26 | 63.39% |
| 27 | 61.53% |
| 28 | 59.66% |
| 29 | 57.80% |
| 30 | 55.93% |

| Month of initial term | Charge Pct. |
|---|---|
| 31 | 54.07% |
| 32 | 52.20% |
| 33 | 50.34% |
| 34 | 48.47% |
| 35 | 46.61% |
| 36 | 44.75% |
| 37 | 42.88% |
| 38 | 41.02% |
| 39 | 39.15% |
| 40 | 37.29% |
| 41 | 35.42% |
| 42 | 33.56% |
| 43 | 31.69% |
| 44 | 29.83% |
| 45 | 27.97% |
| 46 | 26.10% |
| 47 | 24.24% |
| 48. | 22.37% |
| 49 | 20.51% |
| 50 | 18.64% |
| 51 | 16.78% |
| 52 | 14.92% |
| 53 | 13.05% |
| 54 | 11.19% |
| 55 | 9.32% |
| 56 | 7.46% |
| 57 | 5.59% |
| 58 | 3.73% |
| 59 | 1.86% |
| 60 | 0.00% |

Upon expiration of the Renewal Term, and until the Equipment is delivered to Lessor, the Stipulated Loss Value of any item of Equipment shall be 0.00 % of the Invoice Cost.

Lessee (initial) BS Lessor (initial) [signature]

EXHIBIT 3

000046

EXHIBIT 1

ANNEX A

# CERTIFICATE OF ACCEPTANCE
To
Rental Schedule No. 111428000

Dated May 12, 2008

In compliance with the terms, conditions and provisions of the Master Lease Agreement dated April 28, 2008 ("Lease") by and between the undersigned ("Lessee") and National City Media Finance, a division of National City Commercial Capital Company, LLC ("Lessor"), Lessee hereby:

(a) certifies and warrants that all Equipment described in the above-referenced Rental Schedule (the "Equipment") is delivered, inspected and fully installed, and operational as of the Acceptance Date as indicated below;

(b) accepts all the Equipment for all purposes under the Lease and all attendant documents as of this 28th day of May, 2008 ("Acceptance Date"); and

(c) restates and reaffirms, as of such Acceptance Date, each of the representations, warranties and covenants heretofore given to Lessor in the Lease.

Lessor is hereby authorized to insert serial numbers on the Rental Schedule.

Lessee: Gardenwalk Cinemas, LLC

By: [signature]

Title: member

EXHIBIT 3

000047

# EXHIBIT 4

# LEGAL CALCULATION WORKSHEET

Account Name: Gardenwalk Cinemas, LLC
Customer Number: 1144644 Lease Number: 110901000

**BALANCE DETAILS**

| | | | | |
|---|---|---|---|---|
| Invoice(s) Billed Unpaid | | 3 @ $22,105.68 | $ | 66,317.04 |
| | | 1 @ $23,983.88 | $ | 23,983.88 |
| Late Fee(s) | | 5 @ $1,480.78 | $ | 7,403.90 |
| Invoice Cost | $1,421,664.00 | | | |
| Stipulated Loss Percentage | 86.270% | | $ | 1,226,469.53 |
| | | Grand Total | $ | 1,324,174.35 |

Date of Calculation 5/26/2009
XTMBS3D

EXHIBIT 4

000049



# LEGAL CALCULATION WORKSHEET

Account Name: Gardenwalk Cinemas, LLC
Customer Number: 1144644 Lease Number: 111428000

| BALANCE DETAILS | | | | |
|---|---|---|---|---|
| Late Fee(s) | | 5 @ $128.40 | $ | 642.00 |
| Invoice Cost | $123,855.00 | | | |
| Stipulated Loss Percentage | 83.900% | | $ | 103,914.35 |
| | | Grand Total | $ | 104,556.35 |

Date of Calculation 5/26/2009
XTMBS3D

EXHIBIT 4

000050



# EXHIBIT 5



EXHIBIT 1

National City

# CORPORATE GUARANTY

Sanborn Theatres, Inc. ("Guarantor"), for valuable consideration, the receipt of which is hereby acknowledged, hereby guarantees to National City Media Finance, a division of National City Commercial Capital Company, LLC ("NCMF") the prompt payment, when due, whether by acceleration or otherwise, of all rents, liabilities and other indebtedness now existing and hereafter arising of Gardenwalk Cinemas, LLC ("Lessee"), owed to NCMF under any lease agreement entered into between NCMF and Lessee and all schedules thereto whether executed now or in the future (collectively, the "Lease"). Guarantor also agrees that, in the event that Lessee defaults on any of its performance obligations pursuant to the Lease or other agreements, the Guarantor shall undertake to perform all of Lessee's obligations pursuant to those agreements.

This is an absolute, unconditional and continuing guaranty. This guaranty shall extend to and cover renewals of any claims hereby guaranteed or extensions of time for payment thereof and shall not be affected by any surrender, exchange, acceptance or release by NCMF of any security held by it for, or by the release in whole or in part of any other guarantor or guarantors of, the claims hereby guaranteed. Notice of acceptance of this guaranty, notice of extensions of credit to Lessee, notice of default, diligence, notice of presentment, protest and demand for payment are hereby waived. Guarantor expressly waives and agrees not to assert or claim at any time any deductions to the amount guaranteed under this guaranty for any claim of setoff, counterclaim, counter demand, recoupment or similar right, whether such claim, demand or right may be asserted by the Lessee, the Guarantor or both, in any action or proceeding, in any court, arising on, out of, under, by virtue of, or in any way relating to the Lease, this guaranty or the transactions contemplated thereby or hereby. Guarantor agrees that this guaranty shall be valid, enforceable and unconditionally binding upon Guarantor regardless of: (a) the reorganization, merger or consolidation of Lessee into or with another entity, corporate or otherwise, or the sale or other disposition of all or substantially all of the capital stock or membership interests, business or assets of Lessee to any other person or party; (b) the dissolution of Lessee, Guarantor or any other guarantor; (c) the voluntary or involuntary bankruptcy (including a reorganization in bankruptcy) of Lessee, Guarantor or any other guarantor; (d) the granting by NCMF of any indulgences or extensions to the Lessee, Guarantor or any other guarantor; (e) the assertion by NCMF against Lessee, Guarantor or any other guarantor of any of NCMF's rights and remedies provided for under the Lease or existing in its favor in law, equity or bankruptcy; (f) the release of the Lessee, Guarantor or any other guarantor from any obligations under the Lease, this guaranty or any other guarantees by NCMF or by operation of law or otherwise; (g) any invalidity, irregularity, defect or unenforceability of any provision of the Lease, this guaranty or any other guarantees; (h) any defenses given



EXHIBIT 5

000052



to guarantors at law or in equity other than actual payment and performance of the obligations; or (i) the destruction, sale, modification or alteration of any item of the Equipment that is subject to the Lease.

Guarantor warrants and represents to NCMF that: (a) the execution, delivery and performance of this guaranty will not result in a breach of, or constitute a default under, or result in the creation of any security interest, lien, charge or encumbrance upon any property or assets of Guarantor pursuant to any loan agreement, indenture or contract to which Guarantor is a party or by or under which it is bound; (b) this guaranty is executed at Lessee's request and not at the request of NCMF; and (c) Guarantor has means to and shall keep adequately informed regarding Lessee's financial condition and NCMF shall have no obligation to disclose to Guarantor any information regarding Lessee.

NCMF in its sole discretion may determine the period of time that must elapse prior to making demand under this guaranty and NCMF need not exhaust any of its remedies against the Lessee or any security of any other guarantor before having recourse against the Guarantor under this guaranty.

This guaranty shall be binding upon the Guarantor and shall inure to the benefit of NCMF and its successors and assigns. This guaranty shall be governed by and construed in accordance with the laws of the State of Ohio. Guarantor and NCMF, to the fullest extent permissible under applicable law, and for all purposes of this guaranty and any related agreement, each hereby irrevocably submits to the non-exclusive jurisdiction of the state or federal courts located in the City of Cincinnati, State of Ohio and irrevocably waives any objection to venue in any such court. GUARANTOR HEREBY, AND EACH HOLDER OF THE GUARANTEED DEBT OR ANY PART THEREOF, KNOWINGLY AND VOLUNTARILY WAIVES JURY TRIAL IN RESPECT OF ANY ACTION, PROCEEDING OR COUNTERCLAIM AT ANY TIME ARISING UNDER OR IN CONNECTION WITH THIS GUARANTY OR ANY RELATED AGREEMENT. EACH HEREBY CERTIFIES THAT THE FOREGOING JURY WAIVER IS A MATERIAL INDUCEMENT TO NCMF TO ENTER INTO THE TRANSACTION EVIDENCED BY THIS GUARANTY, AND EACH OF THEM CERTIFIES THAT NO REPRESENTATIVE OF THE OTHER HAS REPRESENTED (EXPRESSLY OR OTHERWISE) THAT THE OTHER WOULD NOT OR MIGHT NOT ENFORCE THIS JURY WAIVER.

Dated this 29th day of April, 2008.

GUARANTOR: Sanborn Theatres, Inc.

By: A. B S

Name: A. Bruce Sanborn

Title: President



EXHIBIT 5

000053



# CERTIFICATE OF INCUMBENCY

The undersigned, duly elected and acting as ~~Secretary~~ Treasurer of Sanborn Theatres, Inc. ("Guarantor") hereby certifies:

1. That he/she has the power and authority to execute this Certificate of Incumbency on behalf of Guarantor.

2. That the following named person(s) are authorized representatives of the Guarantor in the capacity set forth opposite each of their names and that each of their signatures are genuine and correct.

3. That, as of the date hereof, the following named person(s) each have proper corporate power and authority to execute and deliver any guaranty between Guarantor and National City Media Finance, a division of National City Commercial Capital Company, LLC, and any other related documents.

| Name (print) | Title | Signature |
|---|---|---|
| A. Bruce Sanborn | President | A. B. S. |
| | | |
| | | |
| | | |

NOTE: THE CORPORATE SECRETARY OR OTHER AUTHORIZED OFFICER OF THE ORGANIZATION MUST SIGN THIS CERTIFICATE AUTHORIZING THE SIGNER TO SIGN.

I hereby attest that this information is true and correct as of this 29th day of April, 2008.

GUARANTOR: Sanborn Theatres, Inc.

Bonnie Richardson
Signature of Authorized Officer

Bonnie Richardson
Name

Treasurer
Title



EXHIBIT 5

000054



# EXHIBIT 6

National City

## UNCONDITIONAL PERSONAL GUARANTY

The undersigned ("Guarantor"), for valuable consideration, the receipt of which is hereby acknowledged, hereby guarantees to National City Media Finance, a division of National City Commercial Capital Company, LLC ("Lessor") (1) the prompt payment, when due, whether by acceleration or otherwise, of all rents, liabilities and other indebtedness now existing and hereafter arising in connection with the Master Lease Agreement ("Lease") dated April 28, 2008 between Lessor and Gardenwalk Cinemas, LLC ("Lessee") and all schedules thereto; and (2) the performance and observance of all of the provisions of the Lease to be performed and observed by Lessee. Additionally, the undersigned guarantees to Lessor the payment of all fees, expenses, costs, and charges of collecting the guaranteed obligations including reasonable attorney fees.

This is an absolute, unconditional and continuing guaranty and shall remain in full force and effect so long as any of the obligations under the Lease have not been fully paid or performed. This guaranty shall extend to and cover renewals or replacements of the Lease or extensions of time for payment thereof and shall not be affected by any change in the terms and conditions of the Lease or by any surrender, exchange, acceptance or release by Lessor of any security held by it for, or by the release in whole or in part of any other guarantor or guarantors of, the Lease.

The liability of the undersigned and the rights of Lessor under this guaranty shall not be impaired or affected in any manner by, and the undersigned hereby consents in advance to and waives any requirement of notice for, any (1) disposition, impairment, release, surrender, substitution, or modification of any collateral securing the Lease or the obligations created by this guaranty or any failure to perfect a security interest in any collateral; (2) release (including adjudication or discharge in bankruptcy) or settlement with any person primarily or secondarily liable for the Lease (including, without limitation, Lessee or any guarantor); (3) delay in enforcement of payment of the Lease or delay in enforcement of this guaranty; (4) delay, omission, waiver, or forbearance in exercising any right or power with respect to the Lease or this guaranty; (5) defense arising from the enforceability or validity of the Lease; (6) defenses or counterclaims that the Lessee may assert on the Lease, including, but not limited to, failure of consideration, breach of warranty, fraud, payment, statute of frauds, bankruptcy, infancy, statute of limitations, and accord and satisfaction; or (7) other act or omission which might constitute a legal or equitable discharge of the undersigned. The undersigned waives all defenses based on suretyship or impairment of collateral, presentment, protest, demand for payment, any right of set-off, notice of dishonor or default, notice of acceptance of this guaranty, and notice of any other kind in connection with the Lease or this guaranty. The undersigned hereby waives, releases and discharges any claim, right or remedy which the undersigned may now have or hereafter acquire against Lessee that arises hereunder and/or from the performance by the undersigned hereunder including, without limitation, any claim, remedy or right of subrogation, reimbursement, exoneration, contribution, indemnification, or participation in any claim, right or remedy of Lessor against Lessee or any security which Lessor now has or hereafter acquires, whether or not such claim, right or remedy arises in equity, under contract, by statute, under common law or otherwise.

The Lessor in its sole discretion may determine the period of time which must elapse prior to making demand under this guaranty and Lessor need not exhaust any of its remedies against Lessee or any security of any other guarantor before having recourse against the undersigned under this guaranty.



EXHIBIT 6

000056

EXHIBIT 1

This guaranty shall be binding upon the undersigned and its legal representatives, heirs, successors and assigns and shall inure to the benefit of Lessor and its successors and assigns. This guaranty shall be governed by, and construed in accordance with, the laws of the State of Ohio. Guarantor and Lessor, to the fullest extent permissible under applicable law, and for all purposes of this guaranty and any related agreement, each hereby irrevocably submits to the non-exclusive jurisdiction of the state or federal courts located in the City of Cincinnati, State of Ohio and irrevocably waives any objection to venue in any such court. GUARANTOR HEREBY, AND EACH HOLDER OF THE GUARANTEED DEBT OR ANY PART THEREOF, KNOWINGLY AND VOLUNTARILY WAIVES JURY TRIAL IN RESPECT OF ANY ACTION, PROCEEDING OR COUNTERCLAIM AT ANY TIME ARISING UNDER OR IN CONNECTION WITH THIS GUARANTY OR ANY RELATED AGREEMENT. EACH HEREBY CERTIFIES THAT THE FOREGOING JURY WAIVER IS A MATERIAL INDUCEMENT TO LESSOR TO ENTER INTO THE TRANSACTION EVIDENCED BY THIS GUARANTY, AND EACH OF THEM CERTIFIES THAT NO REPRESENTATIVE OF THE OTHER HAS REPRESENTED (EXPRESSLY OR OTHERWISE) THAT THE OTHER WOULD NOT OR MIGHT NOT ENFORCE THIS JURY WAIVER.

Dated this 29th day of April 2008.

GUARANTOR: Bruce Sanborn

A. Bruce Sanborn
Print Name

[signature]
Signature

4-29-08
Date

[signature] Ryan Dwilson
Witness



EXHIBIT 6

000057

EXHIBIT 9

# EXHIBIT 7

This ACKNOWLEDGEMENT reflects the information received from the California Department Of State.

## UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]
Diligenz, Inc. 1-800-858-5294

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

Prepared By:
Diligenz, Inc.
6500 Harbour Heights Pkwy, Suite 400
Mukilteo, WA 98275

Filing Number : 087159429297

Filing Date : 5/28/2008

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| Gardenwalk Cinemas, LLC | | | | | |
| OR 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | | SUFFIX |
| | | | | | |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | | COUNTRY |
| 13 Corporate Plaza | Newport Beach | CA | 92660 | | USA |
| 1d. TAX ID # SSN OR EIN / ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any | | |
| | LimitedLiabilityCompa | CA | None | | ☐ NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| | | | | | |
| OR 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | | SUFFIX |
| | | | | | |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | | COUNTRY |
| | | | | | |
| 2d. TAX ID # SSN OR EIN / ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any | | |
| | | | | | ☐ NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| National City Commercial Capital Company, LLC | | | | | |
| OR 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | | SUFFIX |
| | | | | | |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | | COUNTRY |
| 995 Dalton Ave. | Cincinnati | OH | 45203 | | USA |

4. This FINANCING STATEMENT covers the following collateral:

LOCATED AT THE DEBTOR'S PLACE OF BUSINESS OR ANY OTHER LOCATIONS. THE FOLLOWING EQUIPMENT IS OWNED BY THE SECURED PARTY AND LEASED TO THE DEBTOR. REFERENCING LEASE NO: 110901000

All equipment and other goods and all software and other general intangibles, whether now owned or existing or hereafter acquired or arising, leased to Debtor, as lessee, pursuant to Rental Schedule Number 110901000 to Master Lease Agreement dated April 28, 2008 between Secured Party, as lessor, and lessee, as either of the foregoing may be amended, restated, replaced, superseded or assigned from time to time, including, without limitation, the property which is described on Equipment Schedule A attached hereto and made a part hereof, all replacements, substitutions, attachments, accessions, upgrades, parts and additions to such property, all options to purchase such property under such Rental Schedule, all supporting obligations pertaining to the foregoing, and all proceeds of the foregoing (cash and non-cash), including, without limitation, insurance proceeds and condemnation awards and all proceeds in the form of accounts, chattel paper, general intangibles, goods or instruments.

This filing is for precautionary purposes in connection with a leasing transaction and is not to be construed as indicating that the transaction is other than a true lease.

Gardenwalk Cinemas, LLC
321 W. Katella Ave.

5. ALTERNATIVE DESIGNATION [if applicable]: ☒ LESSEE/LESSOR ☐ CONSIGNEE/CONSIGNOR ☐ BAILEE/BAILOR ☐ SELLER/BUYER ☐ AG. LIEN ☐ NON-UCC FILING

6. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Attach Addendum [if applicable] 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional] ☐ All Debtors ☐ Debtor 1 ☐ Debtor 2

8. OPTIONAL FILER REFERENCE DATA
[34546532]

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 07/29/98)

This document was auto-generated from data receieved from the California Department of State

EXHIBIT 7

# UCC FINANCING STATEMENT ADDENDUM

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

9. NAME OF FIRST DEBTOR (1a or 1b) ON RELATED FINANCING STATEMENT

9a. ORGANIZATION'S NAME
Gardenwalk Cinemas, LLC

OR 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME, SUFFIX

10. MISCELLANEOUS:

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

11. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one name (11a or 11b) - do not abbreviate or combine names

11a. ORGANIZATION'S NAME

OR 11b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX

11c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY

11d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 11e. TYPE OF ORGANIZATION | 11f. JURISDICTION OF ORGANIZATION | 11g. ORGANIZATIONAL ID #, if any | ☐ NONE

12. ☐ ADDITIONAL SECURED PARTY'S or ☐ ASSIGNOR S/P'S NAME - insert only one name (12a or 12b)

12a. ORGANIZATION'S NAME

OR 12b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX

12c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY

13. This FINANCING STATEMENT covers ☐ timber to be cut or ☐ as-extracted collateral, or is filed as a ☐ fixture filing.

14. Description of real estate:

15. Name and address of a RECORD OWNER of above-described real estate (if Debtor does not have a record interest):

16. Additional collateral description:

Anaheim, CA 92802
County: Orange
********* Equipment List for above location ************

| Qty | Ser # | Description |
|---|---|---|
| 2 | (No Serial Number) | BARCO DP3000, DLP CINEMA PROJECTOR |
| 2 | (No Serial Number) | LENS, ZOOM, MOTORIZED |
| 3 | (No Serial Number) | LAMP - 6kW USHIO |
| 1 | (No Serial Number) | TOUCHPANEL |
| 2 | (No Serial Number) | BARCO DP2000, DIGITAL CINEMA PROJECTOR |
| 2 | (No Serial Number) | LENS, ZOOM, MOTORIZED |
| 3 | (No Serial Number) | LAMP - 3kW USHIO |
| 4 | (No Serial Number) | BASES, CUSTOM, BARCO |
| 4 | (No Serial Number) | DOLBY SHOW STORE/PLAYER SERVER W/ 1.2 TB, AES |
| 4 | (No Serial Number) | MONITOR/KEYBOARD/WIRING - INSTALL ACCESSORIES |
| 2 | (No Serial Number) | DOLBY 3D KIT (BARCO) |
| 1 | (No Serial Number) | FREIGHT |
| 40 | (No Serial Number) | BME SLITE S10 XP FX BOXKIT4 |
| 2 | (No Serial Number) | BME SLITE S10 XP FX BOXKIT1 |
| 1 | (No Serial Number) | BME C DLITE AEC 12 |

17. Check only if applicable and check only one box.
Debtor is a ☐ Trust or ☐ Trustee acting with respect to property held in trust or ☐ Decedent's Estate

18. Check only if applicable and check only one box.
☐ Debtor is a TRANSMITTING UTILITY
☐ Filed in connection with a Manufactured-Home Transaction — effective 30 years
☐ Filed in connection with a Public-Finance Transaction — effective 30 years

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT ADDENDUM (FORM UCC1Ad) (REV. 07/29/98)

EXHIBIT 7

000060

EXHIBIT 1

# UCC FINANCING STATEMENT ADDENDUM

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

9. NAME OF FIRST DEBTOR (1a or 1b) ON RELATED FINANCING STATEMENT

9a. ORGANIZATION'S NAME
Gardenwalk Cinemas, LLC

OR 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME,SUFFIX

10. MISCELLANEOUS:

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

11. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one name (11a or 11b) - do not abbreviate or combine names

11a. ORGANIZATION'S NAME

OR 11b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX

11c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY

11d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 11e. TYPE OF ORGANIZATION | 11f. JURISDICTION OF ORGANIZATION | 11g. ORGANIZATIONAL ID #, if any ☐ NONE

12. ☐ ADDITIONAL SECURED PARTY'S or ☐ ASSIGNOR S/P'S NAME - insert only one name (12a or 12b)

12a. ORGANIZATION'S NAME

OR 12b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX

12c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY

13. This FINANCING STATEMENT covers ☐ timber to be cut or ☐ as-extracted collateral, or is filed as a ☐ fixture filing.

14. Description of real estate:

15. Name and address of a RECORD OWNER of above-described real estate (if Debtor does not have a record interest):

16. Additional collateral description:

| Qty | Serial | Description |
|---|---|---|
| 1 | (No Serial Number) | BME FIBERL II TX BASE |
| 2 | (No Serial Number) | BME FIBERL II RX M-MODE |
| 2 | (No Serial Number) | BME FIBERL II TX INP M-M |
| 2 | (No Serial Number) | BME DUMMY DATA PLUG X2 |
| 12 | (No Serial Number) | BME DUMMY PWR PLUG X5 |
| 25 | (No Serial Number) | BME CBL PWR WP C20C19 1M5 |
| 5 | (No Serial Number) | BME CBL WP MDR 5M |
| 9 | (No Serial Number) | BME CBL SPIDER WP SAME L |
| 1 | (No Serial Number) | BME PROX BASE UNIT |
| 2 | (No Serial Number) | BME PROX INPUT MODULE |
| 1 | (No Serial Number) | BME PROX 32MHZ OUTPUT MODUL |
| 3 | (No Serial Number) | CBL ASM ILITE DVI-DVI DAT 5M |
| 4 | (No Serial Number) | ACBL, 2-CDR MM FO, LEMO TO ST, 5F |
| 2000 | (No Serial Number) | CABLE, 4 CON, FIBER OPTIC, RSR, 50 |
| 1 | (No Serial Number) | PG, FIBER PATCH PANEL, 6 PORT |
| 1 | (No Serial Number) | PG, FIBER PANEL CABINET, 36 PORT |
| 1 | (No Serial Number) | PG, ENCLOSURE, FIBER OPTIC, 12 PO |
| 1 | (No Serial Number) | PG, ADAPTER PLATE, FIBER OPTIC, 6 |
| 1 | (No Serial Number) | PG, ADAPTER PLATE, FIBER OPTIC, B |
| 1 | (No Serial Number) | PG, ENCLOSURE, 16HX12WX6D, NEMA4 |
| 1 | (No Serial Number) | SUBPLATE, 14.2" X 10.2" HOFFMAN C |

17. Check only if applicable and check only one box.
Debtor is a ☐ Trust or ☐ Trustee acting with respect to property held in trust or ☐ Decedent's Estate

18. Check only if applicable and check only one box.
☐ Debtor is a TRANSMITTING UTILITY
☐ Filed in connection with a Manufactured-Home Transaction — effective 30 years
☐ Filed in connection with a Public-Finance Transaction — effective 30 years

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT ADDENDUM (FORM UCC1Ad) (REV. 07/29/98)

EXHIBIT 7

000061



# UCC FINANCING STATEMENT ADDENDUM

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

9. NAME OF FIRST DEBTOR (1a or 1b) ON RELATED FINANCING STATEMENT

9a. ORGANIZATION'S NAME
Gardenwalk Cinemas, LLC

OR 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME, SUFFIX

10. MISCELLANEOUS:

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

11. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one name (11a or 11b) - do not abbreviate or combine names

11a. ORGANIZATION'S NAME

OR 11b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX

11c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY

11d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 11e. TYPE OF ORGANIZATION | 11f. JURISDICTION OF ORGANIZATION | 11g. ORGANIZATIONAL ID #, if any ☐ NONE

12. ☐ ADDITIONAL SECURED PARTY'S or ☐ ASSIGNOR S/P'S NAME - insert only one name (12a or 12b)

12a. ORGANIZATION'S NAME

OR 12b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX

12c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY

13. This FINANCING STATEMENT covers ☐ timber to be cut or ☐ as-extracted collateral, or is filed as a ☐ fixture filing.

14. Description of real estate:

15. Name and address of a RECORD OWNER of above-described real estate (if Debtor does not have a record interest):

16. Additional collateral description:

| | | |
|---|---|---|
| 16 | (No Serial Number) | CON,FO,ST,BAYONET,125UM,HOT ME |
| 1 | (No Serial Number) | MISCELLANEOUS |
| 9 | (No Serial Number) | BME CBL MULTI PWR WP 20M |
| 3 | (No Serial Number) | BME CBL PWR WP C20C19 1M5 |
| 7 | (No Serial Number) | US POWER VEAM UL 10 METER |
| 2 | (No Serial Number) | US POWER VEAM UL 20 METER |
| 1 | (No Serial Number) | US LED DISTRO 001 NO/RIGKIT |
| 4 | (No Serial Number) | US LED DISTRO 001 NO/RIGKIT |
| 1 | (No Serial Number) | SAST CA, Orange, Anaheim |

**************** Equipment List End ********************

17. Check only if applicable and check only one box.
Debtor is a ☐ Trust or ☐ Trustee acting with respect to property held in trust or ☐ Decedent's Estate

18. Check only if applicable and check only one box.
☐ Debtor is a TRANSMITTING UTILITY
☐ Filed in connection with a Manufactured-Home Transaction — effective 30 years
☐ Filed in connection with a Public-Finance Transaction — effective 30 years

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT ADDENDUM (FORM UCC1Ad) (REV. 07/29/98)

EXHIBIT 7

# EXHIBIT 8

000063

EXHIBIT 1

This ACKNOWLEDGEMENT reflects the information received from the California Department Of State.

## UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]
Diligenz, Inc. 1-800-858-5294

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

Prepared By:
Diligenz, Inc.
6500 Harbour Heights Pkwy, Suite 400
Mukilteo, WA 98275

Filing Number : 087159429318

Filing Date : 5/28/2008

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

1a. ORGANIZATION'S NAME: Gardenwalk Cinemas, LLC

OR 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 13 Corporate Plaza Suite 110 | Newport Beach | CA | 92660 | USA |

| 1d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| | | LimitedLiabilityCompa | CA | None ☐ NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

2a. ORGANIZATION'S NAME

OR 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX

2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY

2d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any ☐ NONE

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

3a. ORGANIZATION'S NAME: National City Commercial Capital Company, LLC

OR 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 995 Dalton Ave. | Cincinnati | OH | 45203 | USA |

4. This FINANCING STATEMENT covers the following collateral:

LOCATED AT THE DEBTOR'S PLACE OF BUSINESS OR ANY OTHER LOCATIONS. THE FOLLOWING EQUIPMENT IS OWNED BY THE SECURED PARTY AND LEASED TO THE DEBTOR. REFERENCING LEASE NO: 111428000

All equipment and other goods and all software and other general intangibles, whether now owned or existing or hereafter acquired or arising, leased to Debtor, as lessee, pursuant to Rental Schedule Number 111428000 to Master Lease Agreement dated April 28, 2008 between Secured Party, as lessor, and lessee, as either of the foregoing may be amended, restated, replaced, superseded or assigned from time to time, including, without limitation, the property which is described on Equipment Schedule A attached hereto and made a part hereof, all replacements, substitutions, attachments, accessions, upgrades, parts and additions to such property, all options to purchase such property under such Rental Schedule, all supporting obligations pertaining to the foregoing, and all proceeds of the foregoing (cash and non-cash), including, without limitation, insurance proceeds and condemnation awards and all proceeds in the form of accounts, chattel paper, general intangibles, goods or instruments.

This filing is for precautionary purposes in connection with a leasing transaction and is not to be construed as indicating that the transaction is other than a true lease.

Gardenwalk Cinemas, LLC 13 Corporate Plaza

5. ALTERNATIVE DESIGNATION [if applicable]: ☒ LESSEE/LESSOR ☐ CONSIGNEE/CONSIGNOR ☐ BAILEE/BAILOR ☐ SELLER/BUYER ☐ AG. LIEN ☐ NON-UCC FILING

6. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Attach Addendum [if applicable] 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional] ☐ All Debtors ☐ Debtor 1 ☐ Debtor 2

8. OPTIONAL FILER REFERENCE DATA
[34546588]

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 07/29/98)

This document was auto-generated from data received from the California Department of State

EXHIBIT 8

000064



# UCC FINANCING STATEMENT ADDENDUM

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

9. NAME OF FIRST DEBTOR (1a or 1b) ON RELATED FINANCING STATEMENT

9a. ORGANIZATION'S NAME
Gardenwalk Cinemas, LLC

OR 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME, SUFFIX

10. MISCELLANEOUS:

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

11. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one name (11a or 11b) - do not abbreviate or combine names

11a. ORGANIZATION'S NAME

OR 11b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX

11c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY

11d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 11e. TYPE OF ORGANIZATION | 11f. JURISDICTION OF ORGANIZATION | 11g. ORGANIZATIONAL ID #, if any | ☐ NONE

12. ☐ ADDITIONAL SECURED PARTY'S or ☐ ASSIGNOR S/P'S NAME - insert only one name (12a or 12b)

12a. ORGANIZATION'S NAME

OR 12b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX

12c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY

13. This FINANCING STATEMENT covers ☐ timber to be cut or ☐ as-extracted collateral, or is filed as a ☐ fixture filing.

14. Description of real estate:

15. Name and address of a RECORD OWNER of above-described real estate (if Debtor does not have a record interest):

16. Additional collateral description:

Suite 110
Newport Beach, CA 92660
County: Orange
********* Equipment List for above location ************

| Qty | Ser # | Description |
|---|---|---|
| 4 | (No Serial Number) | New Dolby Processors CP650DC (Digital Only) |
| 9 | (No Serial Number) | New Dolby Processors CP650D (Film and Digital)) |
| 10 | (No Serial Number) | BACP SRD Penthouse Readers |
| 23 | (No Serial Number) | Freight |

**************** Equipment List End ********************

17. Check only if applicable and check only one box.
Debtor is a ☐ Trust or ☐ Trustee acting with respect to property held in trust or ☐ Decedent's Estate

18. Check only if applicable and check only one box.
☐ Debtor is a TRANSMITTING UTILITY
☐ Filed in connection with a Manufactured-Home Transaction — effective 30 years
☐ Filed in connection with a Public-Finance Transaction — effective 30 years

| In re (SHORT TITLE) GARDENWALK CINEMAS, LLC Debtor(s). | CHAPTER: 11 CASE NO.: 8:10-bk-10730-RK |
|---|---|

**NOTE**: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
21700 Oxnard Street, Suite 430, Woodland Hills, CA 91367

A true and correct copy of the foregoing document described as NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 111 USC §362 (PERSONAL PROPERTY) will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:
(a) BY HAND DELIVERY TO COURTROOM

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On June 24, 2010 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below: Helen R Frazer, Attorney for Gardenwalk Cinemas LLC - hfrazer@aalrr.com; Frank Cadigan, Attorney for U.S. Trustee (SA) - frank.cadigan@usdoj.gov; United States Trustee (SA)- ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On June 24, 2010 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Gardenwalk Cinemas LLC
Attn: Bruce Sanborn, Managing Member
13 Corporate Plaza Dr Ste 110
Newport Beach, CA 92660

[X] Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on June 24, 2010 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
By attorney service:
The Honorable Robert Kwan / Courtroom 5A
U.S. Bankruptcy Court, 411 West Fourth St., Santa Ana, CA

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| June 24, 2010 | MARCELLA WAGNER | /S/ MARCELLA WAGNER |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

## SERVICE LIST

| | |
|---|---|
| *Debtor*<br>Gardenwalk Cinemas LLC<br>13 Corporate Plaza Dr Ste 110<br>Newport Beach, CA 92660 | |
| **UNSECURED CREDITORS** | |
| Anaheim GW II, LLC<br>PO Box 27324<br>san Diego, CA 92198 | City of Anaheim<br>201 S. Anaheim Blvd.<br>Suite 300<br>Anaheim CA 92805 |
| Continental ConceBBlon Supplies<br>250 Fulton Ave<br>New Hyde Park, NY 11040 | Employers Compensation ns<br>PO Box 52791<br>Phoenix. AZ 85071 |
| Frlze Corporation<br>16605 E. Gate Ave<br>Hacienda Helahts CA 91745 | IMAXCorp<br>2525 Speakman Dr.<br>Mississauga |
| James Woodin<br>POBox 18911<br>Anaheim CA 92817 | Kendrick, Jackson & Kearl<br>2603 Main Street, Suite 700<br>Irvine CA 92614 |
| PNC West, Inc.<br>255 N. Pasadena SI, Suite 1<br>Gilbert. AZ 85233 | Royal Paper Corp<br>1SOSO Shoemaker Ave<br>Santa Fe SDrinas CA 90670 |
| Schult<br>900 N.W. Hunter Dr.<br>Blue Sorinas MO 64015 | Stadllng, Yucca, Carlson & Rauth<br>660 Newport center Drive, Suite 1600<br>Newport Beach, CA 92680 |
| State Board of Equalization<br>PO Box 942879<br>Sacramento CA 94279 | Technlcolor<br>Dept 8498<br>Los Anaeles CA 90084 |
| Tempo Industries<br>1961 McGaw Ave<br>Irvine. CA 92814 | Theater Service and Supply<br>9582 Topanga Canyon Blvd.<br>Chatsworth CA 91311 |
| Travelers Insurance<br>PO Box 26385<br>Richmond. VA 23260 | Wesnlc<br>6000 Bowdendale Ave<br>Jacksonville FL 32216 |
| WLC Architects<br>8163 Rochester Ave<br>Suite 700<br>Irvine CA 92614 | |



EXHIBIT

# EXHIBIT 2

FILE COPY

please reply to:

21700 Oxnard Street, Suite 430
Woodland Hills, California 91367-3665
telephone: 818 888 2220
facsimile: 818 888 2229
web: www.glassgoldberg.com
email: rberger@glassgoldberg.com



Glass & Goldberg

File No.

July 9, 2010

***FACSIMILE ROUTING SLIP***

| To: Helen R. Frazer, Esq. | From: Robert M. Berger |
|---|---|
| | Phone No: (818) 888-2220 |
| Fax No: 562-653-3333 | Fax No: (818) 888-2229 |
| No. of Pages: | Hard Copy to Follow: N |

*VIA FACSIMILE ONLY*

Helen R. Frazer, Esq.
Atkinson, Andelson et al.
17871 Park Plaza Dr.
Suite 200
Cerritos, CA 90703

Re: Gardenwalk Cinemas, LLC
Case No. 10-bk-10730-RK

Dear Ms. Frazer:

It was a pleasure speaking with you this afternoon regarding Gardenwalk Cinemas, LLC (Gardenwalk). This letter will confirm our conversation of today's date wherein you informed me that Gardenwalk is presently intending to remove the movie projectors and related equipment from the premises no later than July 23, 2010, storing them for a period of time, and then using them at other locations including Sanborn Theatres, Inc. locations. You further informed me that Gardenwalk does not presently intend to remove the BARCO boards (outdoor LED projection boards) installed on the outside of the IMAX theater. If you client's intent regarding the BARCO boards changes I would appreciate your immediately contacting either myself or Marshall Goldberg and letting one of us know. You further informed me that you did not currently know who was going to move the equipment or where the equipment is being stored but that you would inform me when you received that information.

Additionally, you informed me that it is Gardenwalk's belief it is current on the lease payments on Lease No. 111428000 regarding the movie projectors. You informed me that Gardenwalk admits it is not current on Lease No. 110901000 in regards to the BARCO boards. As I informed you PNCEF records indicate that your client, although making some payments, is not current on either of the Leases. Further, and more importantly, when Gardenwalk defaulted on its payments under the Leases in 2008 National City Commercial Capital Company, LLC (NC-4) notified your client and




EXHIBIT 2



Glass & Goldberg

*****************

Page 2
July 9, 2010

the guarantors that it was accelerating and calling due the remaining lease payments. Please note that NC-4 subsequently changed its name to PNCEF. At no time has NC-4/PNCEF ever agreed to decelerate these payments. Further, at no time did NC-4/PNCEF agree to accept partial payments on either of these leases. Your client's occasional partial payments simply mitigated a portion of Gardenwalk's (and Mr. Sanborn and Sanborn Theatres, LLC) liability under the Leases. As I informed you my client's records indicate that the last partial payment it received was on May 18, 2010.

Moreover, pursuant to Paragraph 5 of the Master Lease Agreements, Gardenwalk did not, and does not, have the right to give possession of the equipment to any third party, including Mr. Sanborn or Sanborn Theatres, Inc. Paragraph 5 of both Leases states in relevant part:

> LESSEE SHALL NOT ASSIGN, SUBLET, HYPOTHECATE, SELL, TRANSFER OR **PART WITH POSSESSION OF THE EQUIPMENT** OR ANY INTEREST IN THIS LEASE, **AND ANY ATTEMPT TO DO SO SHALL BE NULL AND VOID AND SHALL CONSTITUTE A DEFAULT HEREUNDER**.

This proscription clearly includes, but is not limited to, Mr. Sanborn or Sanborn Theaters, Inc. After NC-4 filed its state court lawsuit it was informed by the defendants in that action that possession of some of the equipment had already been given to Sanborn Theaters, Inc. without NC-4's knowledge or consent. This constitutes a separate breach of the Leases from Gardenwalk's payment default. You informed me that it is Gardenwalk's present intent after removal of the equipment to give possession of some or all of it to Sanborn Theatres, Inc. or others. Doing so is a further performance default under either of the Leases.

Gardenwalk and its principals have a present fiduciary duty not to do harm to the equipment or remove it from the estate. It is our belief that removing the equipment from the current location and giving it to a third party or third parties violates that duty.

In light of the fact that your client has already filed a motion to dismiss the bankruptcy they have no need to keep the equipment and it should be returned immediately to PNCEF. It is clearly unnecessary for any reorganization. No other person has a right to possession of the equipment.

PNCEF's Motion for Relief is scheduled for hearing on July 27, 2010. PNCEF has a contractual right to possession upon default pursuant to paragraph 14 of the Lease. Gardenwalk is in both payment and performance default. Therefore, PNCEF is demanding: 1. That the equipment be immediately returned to them; and, 2. Until that time that the equipment not be moved out of its present location. Neither Mr. Sanborn, Sanborn Theatres, Inc. or any other third party has a right to possession of the equipment under the Leases.



EXHIBIT 2



Glass & Goldberg

*****************



To be perfectly clear should your client remove the equipment from the premises in violation of the provisions of the Leases and in violation of the automatic stay PNCEF demands to be immediately notified who is physically removing the equipment, and where it is being stored. I look forward to speaking with you again on this matter.

Very truly yours,

GLASS & GOLDBERG

ROBERT M. BERGER

RMB:s

cc: PNCEF, LLC
Jim Goddard



EXHIBIT 9

TRANSMISSION VERIFICATION REPORT

TIME : 07/09/2010 17:51
NAME : GLASS & GOLDBERG
FAX : 8188882229
TEL : 8188882220
SER.# : BROK5J364092

| | |
|---|---|
| DATE,TIME | 07/09 17:50 |
| FAX NO./NAME | 15626533333 |
| DURATION | 00:01:07 |
| PAGE(S) | 03 |
| RESULT | OK |
| MODE | STANDARD |

please reply to:
21700 Oxnard Street, Suite 430
Woodland Hills, California 91367-3665
telephone: 818 888 2220
facsimile: 818 888 2229
web: www.glassgoldberg.com
email: rberger@glassgoldberg.com

gg
Glass & Goldberg

File No.

July 9, 2010

**FACSIMILE ROUTING SLIP**

| To: Helen R. Frazer, Esq. | From: Robert M. Berger |
|---|---|
| | Phone No: (818) 888-2220 |
| Fax No: 562-653-3333 | Fax No: (818) 888-2229 |
| No. of Pages: | Hard Copy to Follow: N |

*VIA FACSIMILE ONLY*

Helen R. Frazer, Esq.
Atkinson, Andelson et al.
17871 Park Plaza Dr.
Suite 200
Cerritos, CA 90703

Re: Gardenwalk Cinemas, LLC
Case No. 10-bk-10730-RK

Dear Ms. Frazer:

Exhibit 2

It was a pleasure speaking with you this afternoon regarding Gardenwalk Cinemas, LLC (Gardenwalk). This letter will confirm our conversation of today's date wherein you informed me

| In re: GARDENWALK CINEMAS, LLC Debtor(s). | CHAPTER: CASE NUMBER: 8:10-bk-10730-R |
|---|---|

**NOTE**: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
21700 Oxnard Street, Suite 430, Woodland Hills, CA 91367

A true and correct copy of the foregoing document described as SEE DOCUMENT LIST will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On July 13, 2010 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:
Helen R Frazer, Attorney for Gardenwalk Cinemas LLC - hfrazer@aalrr.com; Frank Cadigan, Attorney for U.S. Trustee (SA) - frank.cadigan@usdoj.gov; United States Trustee (SA)- ustpregion16.sa.ecf@usdoj

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On July 13 , 2010 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

[X] Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on July 13, 2010 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
By attorney service:
The Honorable Robert Kwan / Courtroom 5D
U.S. Bankruptcy Court,411 West Fourth St., Santa Ana, CA

[X] Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| July 13, 2010 | MARCELLA WAGNER | /S/ MARCELLA WAGNER |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

| In re: GARDENWALK CINEMAS, LLC Debtor(s). | CHAPTER: 7<br>CASE NUMBER: 8:10-bk-10730-R |
|---|---|

**ADDITIONAL SERVICE INFORMATION (if needed):**

**DOCUMENTS SERVED:**

**CREDITOR PNCEF, LLC'S APPLICATION FOR EMERGENCY HEARING ON MOTION FOR RELIEF FROM STAY AND FOR TEMPORARY RESTRAINING ORDER;**

**DECLARATION OF ROBERT M. BERGER IN SUPPORT OF EMERGENCY MOTION FOR RELIEF FROM STAY AND TEMPORARY RESTRAINING ORDER;**

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CREDITOR PNCEF, LLC'S EMERGENCY APPLICATION FOR RELIEF FROM STAY AND FOR TEMPORARY RESTRAINING ORDER;**

**DECLARATION OF MARSHALL F. GOLDBERG IN SUPPORT OF EMERGENCY MOTION FOR RELIEF FROM STAY AND TEMPORARY RESTRAINING ORDER;**

| In re: GARDENWALK CINEMAS, LLC Debtor(s). | CHAPTER: CASE NUMBER: 8:10-bk-10730-R |
|---|---|

**ADDITIONAL SERVICE INFORMATION (if needed):**

II. SERVED BY U.S. MAIL

Gardenwalk Cinemas LLC, 13 Corporate Plaza Dr Ste 110, Newport Beach, CA 92660;

Anaheim GW II, LLC, PO Box 27324, San Diego, CA 92198;

Employers Compensation, PO Box 52791,Phoenix. AZ 85071;

Schult, 900 N.W. Hunter Dr., Blue Sorinas MO 64015;

Technlcolor, Dept 8498, Los Angeles CA 90084;

Theater Service and Supply, 9582 Topanga Canyon Blvd., Chatsworth CA 91311;

III. SERVED BY FACSIMILE TRANSMISSION AND EMAIL:

(FACSIMILE TRANSMISSION)

Continental Concesslon Supplies, 250 Fulton Ave, New Hyde Park, NY 11040 / (516) 629-4975 fax;

IMAXCorp, 2525 Speakman Dr. , Misslssauga, Ontario, Canada L5K1B1 / (905) 403-6450 fax;

State Board of Equalization, PO Box 942879, Sacramento CA 94279 / (916) 227-6746 fax;

Travelers Insurance, PO Box 26385, Richmond. VA 23260 / (860) 954-3956 fax;

WLC Architects, 8163 Rochester Ave, Suite 700, Irvine CA 92614 / (909) 980-9980 fax;

| In re: GARDENWALK CINEMAS, LLC Debtor(s). | CHAPTER: CASE NUMBER: 8:10-bk-10730-R |
|---|---|

**ADDITIONAL SERVICE INFORMATION (if needed):**

III. SERVED BY FACSIMILE TRANSMISSION AND EMAIL (CONT.):

(EMAIL)

City of Anaheim: Cityattorneysoffice@anaheim.net;

Frlze Corporation: jfrize@frizecorp.com;

James Woodin: Jameswoodin@sbcglobal.net;

Kendrick, Jackson & Kearl: jkendrick@kjklawyers.com;

PNC West, Inc.: sales@pncwest.com;

Royal Paper Corp: jsoto@royal-paper.com;

Stadllng, Yucca, Carlson & Rauth: wrauth@sycr.com;

Tempo Industries: michaelk@tempoindustries.com;

Wesnlc: bsmithwick@wesnic.com